SANTINI FERTILIZER Co., Appellant, *v.* REGISTRAR OF
GUAYAMA, Respondent.

No. 614. Submitted April 18, 1925.—Decided June 26, 1925.

1. RECORD OF TITLE—ATTACHMENT—DISTRIBUTION OF LIABILITY—CAUTIONARY NOTICE.—The distribution of liability among properties required by subdivision 2 of article 9 of the Mortgage Law for the purpose of record is not necessary in the case of a cautionary notice.

2. ID.—ID.—ID.—ID.—In recording an attachment mention of the amount to be secured by the attachment is sufficient compliance with subdivision 2 of article 9 of the Mortgage Law and it is not necessary to distribute the amount among the properties attached.

3. ID.—ID.—ID.—A party or his attorney does not encroach upon the powers of the court which granted the attachment by petitioning the registrar to fix a given part of the sum secured by the attachment as the liability of each of several properties attached.

Registry of Property of Guayama, R. B. Pérez Mercado, R.   Decision refusing to record an attachment.   *Reversed.*

E. *Rincón Plumey* for the appellant.   The respondent appeared by brief.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an administrative appeal from a decision of the Registrar of Property of Guayama refusing to record an attachment levied on two properties to secure the effectiveness of the judgment for the reason that the amount of $1,350 for which the attachment was granted was not distributed by the court among the properties in compliance

with subdivision 2 of article 9 of the Mortgage Law, the application of the plaintiff's attorney being insufficient to supply that omission, inasmuch as he had no power or capacity to modify the order of the court. In the application referred to by the registrar the plaintiff's attorney stated that one of the properties should respond for $1,000 and the other for $350.

[1, 2] Although article 72 of the Mortgage Law provides that cautionary notices shall contain the details required for records by various articles therein mentioned, among them being article 9 which 'prescribes that every record made in the registry shall set forth the particulars therein enumerated, subdivision 2 thereof expressing, among other particulars, the extent of the right recorded; and although article 164 of the Regulations prohibits registrars from recording any mortgage on different properties affected by the same obligation, except by agreement between the parties or by a judicial order, as the case may be, the amount which each property is to secure shall be determined, the parties being authorized to stipulate the distribution in the same instrument to be recorded or in another public instrument or petition addressed to the registrar, signed or ratified in his presence by the persons interested, such distribution of liability required for the purpose of a record is not necessary in the case of a cautionary notice, by express exception made in article 165 immediately following, wherein it is said that the provisions of article 164 shall not apply to a cautionary notice, except when it is converted into a final mortgage record and encumbers different properties, and that the cautionary notices against a number of properties shall be entered in the special registry for each property, the amount of the credit or obligation for which the property is liable being also stated; and this provision confirms that of article 126 of the Regulations in accordance with which cau-

tionary notices shall contain, as the case may require, among other particulars, that specified under subdivision 6, wherein it is said that if it should be made under a writ of attachment or sequestration, or in execution of a final judgment, such fact shall be stated, showing the amount which it is sought to secure. Therefore, in the record of an attachment mention of the amount to be secured by the attachment is sufficient compliance with subdivision 2 of article 9 of the Mortgage Law concerning the extent of the liability of the properties and it is not necessary to distribute the amount among the different properties. Galindo in his commentaries on the Mortgage Law, 4th edition, page 261, is of the same opinion, as is also Morell in his work on the Mortgage Law, volume 3, page 330. The latter, commenting on article 72 of the law, propounds the question whether the distribution of the amount among the different properties attached is necessary, and answers the question by saying that such distribution is not required either by the Law or the Regulations, citing some decisions.

[3] In view of the conclusion reached, the party or his attorney did not encroach upon the powers of the court in petitioning the registrar to fix a given part of the sum secured by the attachment as the liability of each property.

The decision must be reversed and the attachment recorded.